UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Petters Aviation, LLC,

Debtor.

Bky. Case No. 08-45136-RJK

Chapter 11

# NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO FILE DOCUMENTS UNDER SEAL AND FOR EXPEDITED RELIEF

To:     All the entities specified in Local Rule 9013-3.

1.     Petters Aviation, LLC moves the court for the relief requested below and gives notice of hearing.

2.     The court will hold a hearing on this motion at 10:30 a.m. on March 16, 2011, before the Honorable Robert J. Kressel, in Courtroom No. 8 West, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, or as soon thereafter as counsel may be heard.

3.     Ordinarily any response to this motion must be filed and served by delivery or by mail not later than March 11, 2011, which is five days before the time set for the hearing as calculated by the Federal Rules of Bankruptcy Procedure.  Because an expedited hearing is requested, the debtor will not object to the timeliness of responses that are filed no later than 24 hours prior to the time set for the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.     This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1.  This matter is a core

1757980v1

proceeding. The petition commencing this case was filed on October 6, 2008. The case is now pending in this court.

5.      This motion arises under 11 U.S.C. §§ 105 and 107 and Federal Rules of Bankruptcy Procedure 9013, 9014 and 9018 and the applicable local rules. The debtor seeks an order (i) permitting it to file under seal certain confidential pricing information about a proposed sale of Sun Country Airlines and (ii) for expedited relief. The information to be filed under seal is a minimum purchase price for Sun Country and other terms and conditions of the possible sale including adjustments to the proposed purchase price. If the court grants this motion, the debtor intends, if necessary, to file a motion authorizing it to vote as a stockholder of MN Airline Holding, Inc. in favor of an agreement for the sale of Sun Country if the minimum price and other minimum terms and conditions are met.

## **INTRODUCTION**

6.      The debtor, along with its wholly owned subsidiary, Elite Landings, LLC, Bankruptcy No. 08-45210, are proposing a joint plan of liquidation. A hearing on confirmation of their joint plan is scheduled for March 10, 2011 at 2:30 p.m. If the joint plan is confirmed and becomes effective, the stock in MN Airline Holdings, Inc. held by the debtor will be transferred to a voting trustee. In that event, it will not be necessary to ask the bankruptcy court to approve a vote of the debtor's MN Airline Holdings stock on a proposed sale of Sun Country Airlines.

7.      This motion, and the anticipated motion for authorization to vote the debtor's stock in MN Airline Holdings, are designed to allow the debtor to vote on a proposed sale if the need to do so arises at a time when the joint plan of liquidation is not in effect.

8. MN Airline Holdings, Inc. and MN Airlines, LLC d/b/a Sun Country Airlines both filed for Chapter 11 protection on October 6, 2008, the same date that the debtor filed its voluntary Chapter 11 Petition. At the time, the debtor owned 80.4% of the equity interests and 100% of the voting stock of MN Airline Holdings, Inc. MN Airline Holdings in turn, owned 100% of the membership interests of MN Airlines, LLC d/b/a Sun Country Airlines.

9. In addition, Petters Aviation was a creditor of both MN Airline Holdings, Inc. and MN Airlines, LLC d/b/a Sun Country Airlines. Following commencement of the bankruptcy cases, Petters Aviation filed proofs of claim against both MN Airline Holdings and Sun Country.

10. Objections to the debtor's proofs of claim were made by the committee of unsecured creditors appointed in the Sun Country case. Creditors affiliated with Whitebox Advisors, LLC known as Sun Minnesota Foreign Holdings, LLC, Sun Minnesota Domestic Holdings, LLC and Sun Credit, LLC also objected to the claims and commenced adversary proceedings to challenge them.

11. As a result of a series of agreements resolving all these objections and adversary proceedings, Petters Aviation became the holder of an allowed general unsecured claim against the Sun Country entities of $11,874,182.43.

12. According to the confirmed joint plan of reorganization in the Sun Country cases, MN Airline Holdings remains as the 100% owner of Sun Country Airlines. On account of its allowed claim, Petters Aviation has received a distribution of stock representing approximately 11.22% of all of the issued and outstanding shares of MN Airline Holdings, Inc.

1757980v1

## POSSIBLE SALE OF SUN COUNTRY

13. At this time, MN Airline Holdings is negotiating with a prospective purchaser for the sale of all of its membership interests in Sun Country Airlines.

14. It is anticipated that MN Airline Holdings will soon ask its shareholders to vote on a purchase agreement for the sale of all of its interests in Sun Country for cash at a specified amount at closing, subject to certain adjustments based on Sun Country's actual net working capital at closing as compared with its forecasted net working capital as of a fixed date.

15. It is also anticipated that the purchase agreement submitted to a shareholder vote will contain strict confidentiality provisions.

16. Section 107(b) of the Bankruptcy Code allows the bankruptcy court, on request of a party in interest, to protect an entity with respect to trade secrets or confidential commercial information. By allowing the debtor to file confidential pricing information under seal, the interests of the debtor, MN Airline Holdings and others in keeping such information confidential will be protected.

17. To facilitate MN Airline Holdings' negotiations for the sale of its interests in Sun Country, and to maximize the value obtained for those shares, MN Airline Holdings must have some assurance that the sale price it negotiates for its interest in Sun Country will be accepted by the shareholders of MN Airline Holdings.

18. Accordingly, the debtor anticipates filing a motion to authorize it to vote its shares of MN Airline Holdings to approve such a sale, but only if the price paid by the prospective purchaser exceeds a certain minimum price, subject to certain adjustments. The minimum price and the nature of the adjustments are to be set forth in an exhibit to the motion the debtor intends to bring if bankruptcy court authorization to vote its shares

4

1757980v1

in favor of the proposed sale is needed. It is this exhibit that is sought to be filed under seal.

19. The public disclosure of the minimum sale price and the adjustments would be detrimental to MN Holdings' ability to negotiate the price and other terms of the purchase agreement and would jeopardize the debtor's goal to maximize the value obtained for its assets. Anything that could impair the ability of MN Airline Holdings to obtain maximum value for Sun Country will be detrimental to the value the debtor could realize for its shares in MN Airline Holdings.

### **EXPEDITED RELIEF**

20. The debtor requests expedited relief. MN Airline Holdings has actively marketed its interest in Sun Country and is negotiating a purchase agreement with a prospective purchaser based on a favorable price.

21. MN Airline Holdings' ability to negotiate a sale price and complete the transaction in a timely manner will be hindered if the debtor cannot provide MN Airline Holdings and the prospective purchaser of Sun Country with some assurance that the price offered will be accepted by shareholders.

22. The usual desire of buyers and sellers to conclude a transaction promptly, and the current roiling of regimes in the Middle East that may affect the price of fuel, call for expeditious action by all concerned parties.

23. Expedited relief is necessary so that the debtor can, if necessary, file a motion for authorization to vote shares of MN Airline Holdings based on a minimum purchase price subject to certain adjustments. Parties required to be served will either receive electronic notice of this motion or will be sent a copy by fax or email wherever possible.

24. Whether to disclose the information filed under seal is within the discretion of the seller. Any requests for disclosure should be directed to counsel for MN Airline Holdings, Inc.:

>Michael L. Meyer, Esq.
>Ravich Meyer Kirkman McGrath Nauman & Tansey, P. A.
>4545 IDS Center, 80 South Eighth Street
>Minneapolis, MN 55402
>Phone:  (612) 332-8511
>Fax:  (612) 332-8302
>E-mail:  mlmeyer@ravichmeyer.com.

## NOTICE OF POTENTIAL WITNESS

25. If testimony is required in support of this motion, the debtor proposes to offer the testimony of T. Jay Salmen, President of the debtor. The debtor reserves the right to call other witnesses to rebut adverse testimony or evidence offered by any party objecting to the relief sought in this motion.

WHEREFORE, the debtor respectfully requests that the court:  (i) grant expedited relief, (ii) authorize the debtor to file under seal the pricing information in its proposed motion for authorization to vote shares of MN Airline Holdings, and (iii) such other further relief as is just and equitable.

Dated:  March 8, 2011

>MOSS & BARNETT
>A Professional Association
>
>By: /e/ James A. Rubenstein
>   James A. Rubenstein, #94080
>   Cass S. Weil, # 115228
>   Issa K. Moe, #391351
>4800 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, MN 55402-4129
>Telephone:  (612) 877-5000
>**Attorneys for Debtor**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Petters Aviation, LLC,

           Debtor.

Bky. Case No. 08-45136-RJK

Chapter 11

## VERIFICATION TO MOTION

I, T. Jay Salmen, President of Petters Aviation, LLC, declare under penalty of perjury that the factual information in the annexed Motion for an Order Authorizing the Debtor to File Documents Under Seal and for Expedited Relief is true and correct according to the best of my knowledge, information and belief.

Dated: March 8, 2011

                                                T. Jay Salmen

1757980v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Petters Aviation, LLC,

                Debtor.

Bky. Case No. 08-45136-RJK

Chapter 11

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO FILE DOCUMENTS UNDER SEAL AND FOR EXPEDITED RELIEF**

Petters Aviation, LLC, the debtor in this case, respectfully submits this memorandum in support of the Motion for Order Authorizing the Debtor to File Documents Under Seal and for Expedited Relief. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the motion, unless the context requires otherwise.

## **FACTS**

The factual basis for this memorandum is set forth in the verified motion and is incorporated as though fully set forth herein.

## **ARGUMENT**

**I.    Section 107(b) and Rule 9018 Authorize this Court to Permit the Debtor to File the Motion Under Seal.**

Although there is a strong common law presumption of public access to court records, the right to access "is far from absolute." *In re 50-Off Stores, Inc.*, 213 B.R. 646 (Bankr. W.D. TX 1997). Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and expressly provides that "on request of a party in interest, the bankruptcy court *shall*:

1758181v1

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

11 U.S.C. § 107(b) (emphasis added).  The debtor is a party in interest pursuant to 11 U.S.C. § 1109(b).  Furthermore, Federal Rule of Bankruptcy Procedure 9018 provides:

> On motion or on its own initiative, with or without notice, the court *may make any order which justice requires (1) to protect the estate or any entity* in respect of a trade secret or other confidential research, development, or commercial information....

Fed. R. Bankr. P. 9018 (emphasis added).

If information sought to be filed under seal is within any of the enumerated categories in § 107(b), protection is mandatory.  *In re Farmland Indus., Inc.*, 290 B.R. 364, 368 (Bankr. W.D. Mo. 2003); *In re Frontier Group, LLC,* 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000).  Indeed, the "court is *required* to protect a requesting interested party and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 27 (2nd Cir. 1994) (emphasis in original) (citing 2 *Collier on Bankruptcy,* ¶ 107.01, at 107-2 (15th ed. 1993)).  Although the exceptions articulated in § 107(b) are to be "sparingly applied," the "very existence of the exception[s] demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world." *In re 50-Off Stores*, 213 B.R. at 654.  This is because:

2

> [p]erhaps more than any other type of proceeding, bankruptcy is, in the main, conducted under the harsh glare of public scrutiny, exposing to public view (at least potentially) a wide scope of information which, in a nonbankruptcy context, would normally be thought to enjoy a certain expectation of privacy. . . .  To be sure, the public is deemed to have a "right to know" about the affairs of an entity that has chosen bankruptcy protection.  Yet it is precisely this extraordinary exposure that compels the occasional protective intervention of the court.

*Id.*

Information need not rise to the level of a trade secret to be entitled to protection under § 107(b).  *In re Orion Pictures Corp.,* 21 F.3d at 28.  Confidential commercial information has been defined by the courts as information that "would cause an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor."  *Id.* at 27 (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir. BAP 1982).  Courts, however, have taken a broad approach to the types of information that qualify as "confidential commercial information" afforded the "broad protection" of § 107(b) depending on the facts and circumstances of each case.  *In re Orion Pictures Corp.*, 21 F.3d at 28; *see also In re Farmland Indus.,* 290 B.R. at 368 (information relating to timing of sales and debtors' liquidity); *In re Frontier Group, LLC,* 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (identities of physician creditors).  Bankruptcy courts have specifically included "information related to the buying and selling of securities on the open market" to be afforded protection as confidential commercial information where disclosure of the information would have the ability to affect the market.  *See In re Lomas Fin'l Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991).

The protections of § 107(b) are not limited to the debtor and parties to the litigation, but apply equally to protect the privacy interests of third parties.  *See In re Apex Oil Co.*, 101 B.R. 92, 96 (Bankr. E.D. Mo. 1989) (§107(b) provides a vehicle to protect third-party rights); *In re Nunn*, 49 B.R. 963, 964 (Bankr. E.D. Va. 1985) (protection available to non-debtor from disclosure of debtor's schedule A to prevent adverse effect on business).  As one court reasoned, if disclosure would "most likely have a serious and detrimental impact" on the prices for which assets could be sold, then "clearly" the information is "commercial information that merits protection." *In re Farmland Indus.,* 290 B.R. at 369.  In this case, public disclosure of the minimum price at which MN Airline Holdings, Inc. would sell its interest in Sun Country would have a serious and detrimental impact on the ability of MN Airline Holdings to maximize the value, and might be a breach of any confidentially requirement imposed by the prospective purchaser.  This will directly affect the value of the debtor's shares of MN Airline Holdings, Inc.

For all the foregoing reasons, the debtor respectfully requests the court authorize the filing under seal of the information containing the minimum purchase price and the pricing information that would be part of the debtor's intended motion to authorize it to vote shares of MN Airline Holdings, Inc.

## II.     **Expedited Relief is Necessary.**

Fed. R. Bankr. P. 9006(c) provides that the court for cause shown, may order a notice period reduced.  Local Rule 9006-1(d) provides that if expedited relief is necessary, the party seeking such relief must request an expedited hearing and take all reasonable steps to provide the most expeditious service and notice possible.  The reorganized MN Airline Holdings is actively negotiating for the sale of Sun Country.

4

MN Airline Holdings' ability to negotiate a price at which it will sell its shares of Sun Country and complete such transaction in a timely manner will be hindered if the debtor cannot provide MN Holdings and a prospective purchaser with some assurance that the price being offered can be accepted by MN Airline Holdings' shareholders.  Expedited relief is necessary so that the debtor can, if necessary, file a motion to authorize it to vote its shares of MN Airline Holdings.  The debtor believes all parties will have sufficient time to review this motion prior to the hearing.  Accordingly, the debtor respectfully asserts cause exists to hear the motion on an expedited basis.

## **CONCLUSION**

The debtor respectfully requests the Court enter an order (1) granting expedited relief, (2) authorizing the debtor to file under seal the minimum price and the pricing terms pertaining to the debtor's intended motion to authorize a vote of its shares of MN Airline holdings, Inc., and (3) granting such other relief as may be just and equitable.

Dated:  March 8, 2011

MOSS & BARNETT
A Professional Association

By: /e/ James A. Rubenstein
    James A. Rubenstein, #94080
    Cass S. Weil, # 115228
    Issa K. Moe, #391351
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
Telephone:  (612) 877-5000
**Attorneys for Debtor**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Petters Aviation, LLC,

　　　　　　　　Debtor.

Bky. Case No. 08-45136-RJK

Chapter 11

**ORDER AUTHORIZING DEBTOR TO FILE DOCUMENTS UNDER SEAL**

This case came on before me on the motion of the debtor seeking expedited relief and authorization to file certain information under seal.

Based on the file and record herein, it is ordered:

　The Motion for expedited hearing is granted;

　The debtor is hereby authorized to file under seal the minimum price and the pricing terms pertaining to the debtor's intended motion to authorize a vote of its shares of MN Airline Holdings, Inc.

Dated:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Robert J. Kressel
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

1758181v1